YM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO CHAVEZ, on behalf of himself and others similarly situated, known and unknown, | ) ) ) ) | **07 C 7191** |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| STONETREE LANDSCAPES, INC. | ) ) ) | Judge |
| Defendants. | ) ) | |

**JUDGE COAR**
**MAGISTRATE JUDGE DENLOW**

### COMPLAINT

Plaintiff Alonso Chavez, on behalf of himself and others similarly situated, known and unknown, through his attorneys, for his Complaint against Defendant Stonetree Landscapes, Inc. ("Defendant") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, for Defendant's failure to pay Plaintiff and other similarly situated employees all of their earned wages and their earned overtime wages for all time worked in excess of forty (40) hours in individual work weeks. Defendant's unlawful compensation practices have (and have had) the effect of denying Plaintiff and other similarly situated employees, their earned and living wages. A copy of Plaintiff's Consent to bring this claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

1

**PARTIES**

2. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e)(1), the IMWL, 820 ILCS § 105/1 *et seq.*, and the IWPCA, 820 ILCS 115/1 *et seq.*

3. Plaintiff resides in and is domiciled within this judicial district.

4. During the course of his employment, Plaintiff engaged in commerce or in the production of goods for commerce.

5. Defendant Stonetree is an Illinois corporation doing business within the state of Illinois.

6. Defendant Stonetree is an enterprise as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1).

7. At all material times hereto, Defendant Stonetree was Plaintiff's "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA, 820 ILCS 115/2.

8. Defendant Stonetree's principal place of business is within this judicial district.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act- Overtime Wages**
**(Plaintiff, on behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 9 of this Complaint, as if fully set forth herein.

10. This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for his failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

11. During the course of Plaintiff's employment with Defendant, Defendant directed Plaintiff to work in excess of forty (40) hours in individual work weeks and Plaintiff did work in excess of forty (40) hours and, in fact, customarily worked in excess of sixty (60) hours in individual work weeks.

12. Defendant directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks and they did work in excess of forty (40) hours in individual work weeks.

13. Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks pursuant to 29 U.S.C. § 207.

14. Defendant did not compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

15. Defendant's failure and refusal to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

16. Defendant willfully violated the FLSA by refusing to pay Plaintiff's, and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and other similarly situated employees' hourly wage rate for all time which they worked in excess of

forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs for the Working Hands Legal Clinic incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages
### (Individual Plaintiff Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

18. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4(a).

19. During the course of Plaintiff's employment with Defendant, Defendant directed Plaintiff to work in excess of forty (40) hours in individual work weeks, and Plaintiff customarily did work in excess of sixty (60) hours in individual work weeks.

20. Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks pursuant to 820 ILCS 105/4(a).

21. Defendant violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

4

22. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for the three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times his regular hourly rate of pay for all time which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Damages pursuant to the formula set forth in 820 ILCS §105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Unpaid Wages)

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23. This count arises from Defendant's violation of the IWPCA for failing to pay plaintiff their earned wages at the rate agreed to by the parties.

24. Plaintiff performed work for Defendant during the course of his employment with Defendant.

25. Pursuant to IWPCA, Plaintiff was entitled to be compensated for all time worked for Defendant at the rate agreed to by the parties.

26. Defendant failed to compensate Plaintiff for all hours worked for Defendant at the rate agreed to by the parties in violation of the IWPCA.

27. Plaintiff has been damaged by Defendant's failure to compensate him for all hours worked.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA, 820 ILCS 115/1 *et seq.*;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

D. Reasonable attorneys' fees and costs for the Working Hands Legal Clinic incurred in filing this action;

E. That the court determine the rights of the parties and direct Defendants to account for all hours worked and wages owed to Plaintiff; and

F. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: December 20, 2007

CHRISTOPHER J. WILLIAMS (ARDC#6284262)
JOHN E. UNTEREKER (ARDC#6290945)
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

MICHAEL C. KEBERLEIN GUTIERREZ (ARDC #6279606)
VINCENT H. BECKMAN III (ARDC #0152803)
Legal Assistance Foundation of Metropolitan Chicago
Illinois Migrant Legal Assistance Project
111 W. Jackson, Suite 300
Chicago, IL 60604
(312) 423-5902

Attorneys for Plaintiff

# EXHIBIT A

Case 1:07-cv-07191    Document 1    Filed 12/21/2007    Page 7 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFONSO CHAVEZ, on behalf of himself and others similarly situated, known and unknown,<br><br>   Plaintiff,<br><br> v.<br><br>STONETREE LANDSCAPES, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) No.<br>)<br>) Judge<br>)<br>)<br>) |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to the Court that I have been employed by Defendant, STONETREE LANDSCAPES, INC., within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: Alfonso Chavez

Signature: _/s/ Alfonso Chavez 11/02/07_

Date on which I signed this Notice: _11/02/07_

| | |
|---|---|
| Christopher J. Williams<br>John E. Untereker<br>Working Hands Legal Clinic<br>77 W. Washington, Suite 1402<br>Chicago, Illinois 60602<br>(312) 795-9115 | Michael C. Keberlein Gutiérrez<br>Vincent H. Beckman III<br>Legal Assistance Foundation of<br>Metropolitan Chicago<br>Illinois Migrant Legal Assistance Project<br>111 W. Jackson, Suite 300<br>Chicago, IL 60604<br>(312) 423-5902 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |